WEIMER, J.,
additionally concurring.
| tI additionally concur to emphasize one point made by the majority opinion.
A failure to comply with LSA-C.Cr.P. art. 230.2 results in the immediate release of the person arrested, but does not prevent a potential subsequent conviction. “[A] conviction will not be vacated on the ground that the defendant was detained pending trial without a probable cause determination.” Gerstein v. Pugh, 420 U.S. 103, 119, 95 S.Ct. 854, 866, 43 L.Ed.2d 54 (1975).
We are a people who cherish liberty and abhor extended incarceration based on mere accusation. To protect our liberty, we have enshrined protections in state and federal constitutions and in statutory enactments. In our system of justice, one is presumed innocent until proven guilty beyond a reasonable doubt. This presumption of innocence mandates that those accused of a crime cannot be incarcerated for an extensive period of time without a judicial determination that probable cause exists.
This ruling does not provide a “free pass” to those who are guilty of a crime; this ruling assures that those who are presumptively innocent when accused of a crime are afforded prompt judicial review within the time limits the statutory law of *728 this state mandates and the constitution of this nation requires according to the U.S. Supreme Court. See LSA-C.Cr.P. art. 230.2 and County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). As stated by Justice Scalia in his dissent in Riverside, 500 U.S. at 71, 111 S.Ct. 1661, a rule which requires the review by a neutral judge of each warrantless arrest has “as its primary beneficiaries the innocent ... those so blameless that there was not even good reason to arrest them.”